# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LARRY D. FLANNER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CV00061 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER** ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Mary C. Hendricks, Browning, Lamie & Gifford, P.C., Lebanon, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this social security case, I accept the report and recommendations of the magistrate judge and remand the case for further proceedings.

Larry D. Flanner challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2007) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent thereafter filed her report. *Flanner v.*

*Astrue*, No. 1:06CV00061, 2007 WL 1310136 (W.D. Va. May 7, 2007). On May 24, 2007, the Commissioner filed written objections to the report.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).

One of the grounds of disability asserted by Flanner is that he has mental impairments that prevent him from working. A psychologist, B. Wayne Lanthorn, Ph.D, evaluated him at the request of his attorney. Dr. Lanthorn's report was presented to the administrative law judge ("ALJ") at a hearing conducted pursuant to the Act. The ALJ rejected the opinion of Dr. Lanthorn and found that Flanner was not disabled.

The magistrate judge recommended that the final decision of the Commissioner be vacated and the case remanded for further development of the record in regard to Flanner's mental impairments on the ground that the ALJ improperly rejected Dr. Lanthorn's opinion. I agree with the magistrate judge's findings and recommendation.

- 2 -

Case 1:06-cv-00061-JPJ   Document 15   Filed 08/01/07   Page 2 of 3   Pageid#: 85

It is clear from the transcript of the hearing before the ALJ that he flatly rejected Dr. Lanthorn's opinion not on the basis of its relevancy to Flanner's case, but because Lanthorn was not a "reputable" source. (R. at 282.) According to the ALJ, "Dr. Lanthorn has the same diagnosis in every case that he you folks send him every individual that you send him to, he has the same thing. Everybody's got borderline intellectual functioning, everybody's severely depressed, you know." (R. at 316.) I agree with the magistrate judge that this was an inadequate basis for rejection of the professional opinion. Moreover, there is other medical evidence in the record supporting Dr. Lanthorn's opinion that Flanner suffered from depression, so it was particularly inappropriate for the ALJ to refuse to consider the opinion.[1]

An appropriate final judgment will be entered.

DATED: August 1, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] While it is not necessarily impermissible to give reduced credibility to an opinion of a physician based on prior similar reports by that physician, "the finder of fact may not disregard medical evidence simply because it comes from a particular source or because the medical reports are similar to reports filed by counsel in other unrelated cases." *Williams v. Sullivan*, 970 F.2d 1178, 1185 n.5 (3d Cir. 1992). The ALJ has the duty to at least consider all relevant evidence in a disability determination. *Id.*

- 3 -

Case 1:06-cv-00061-JPJ   Document 15   Filed 08/01/07   Page 3 of 3   Pageid#: 86